UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80066-CIV-RYSKAMP/VITUNAC

JUAN ROMERO, on his own behalf
and on behalf of is similarly situated,

 Plaintiff,

v.

SOUTHERN WASTE SYSTEMS, LLC,

 Defendant.
_____/

**ORDER ON MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

THIS CAUSE comes before the Court pursuant to Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint, filed March 2, 2009 **[DE 11]**. Plaintiff responded on March 12, 2009 **[DE 15]**. Plaintiff did not reply. This motion is ripe for adjudication.

Plaintiff brought this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b). Plaintiff worked as a dispatcher for Defendant. Plaintiff moves to strike several of Defendant's affirmative defenses.

Fed. R. Civ. P. 12(f) provides that "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." It is proper to strike a defense if it is insufficient as a matter of law. "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1318 (S.D. Fla.

2005) (quoting Anchor Hocking Corp. v. Jacksonville Electric Authority, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).  Affirmative defenses are also subject to the general pleading standard of Fed.R.Civ.P. 8(a), which requires a "short and plain statement" of the asserted defense.  See Morrison, 434 F.Supp.2d at 1318.  While the rule does not require presentation of detailed facts, it does require the party raising the affirmative defense to "do more than make conclusory allegations."  Id. (quoting Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002)).  Accordingly, despite liberal pleading requirements, where an affirmative defense is no more than "bare bones conclusory allegations, [it] must be stricken."  Morrison, 434 F. Supp. 2d at 1318.  See also Merrill Lynch Business Financial Services, Inc. v. Performance Machine Systems USA, 2005 WL 975773, *11 (S.D. Fla. 2005) (affirmative defenses are subject to the general pleading requirements of Rule 8(a) "and will be stricken if they failed to recite more than bare-bones conclusory allegations").

Defendant's Third Affirmative Defense claims that Plaintiff was exempt from overtime compensation pursuant to the 29 U.S.C. § 213(a)(1) exemption to the FLSA.  Plaintiff complains that this affirmative defense fails to allege any facts that would put Plaintiff on notice of the basis of Defendant's claim.  This provision encompasses the executive exemption, the administrative exemption, the outside sales exception, the learned professional exemption and the creative professional exemption.  Defendant has agreed to amend his defense to state that Plaintiff was exempt pursuant to the executive and/or administrative exemption pursuant to 29 U.S.C. § 216(b).  Leave to amend is granted.

The Court notes that 29 U.S.C. § 216(b) prescribes damages under the FLSA and is unrelated to the exemptions to the FLSA.  When Defendant amends this affirmative defense, the

3

Court instructs Defendant to be clear regarding the provision of the FLSA that forms the basis for the claimed exemption(s).

The Seventh Affirmative Defense alleges that Defendant paid Plaintiff "all monies owed per the agreement between them." Plaintiff takes this defense to be a restatement of the defense of accord and satisfaction. This defense is not appropriate under the FLSA because an individual cannot waive entitlement to FLSA benefits. See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707, 65 S.Ct. 895, 902 (1945) ("No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the [FLSA]."). Defendant clarifies that the agreement to which the Seventh Affirmative Defense refers is the agreement that Plaintiff would be paid a salary. The Court requests that Defendant clarify this affirmative defense to make it clear that the "agreement" to which it refers is merely the "agreement" that Plaintiff would receive a salary.

The Tenth Affirmative Defense states that "Defendant is entitled to a credit/set-off for any compensation paid to Plaintiff to which he was not otherwise entitled to the extent such credits/set-off are permissible under the FLSA." Plaintiff claims that this defense is conclusory in that it fails to allege any facts in support of any sort of set-off. Certain set-off defenses are allowable under the FLSA. Brennan v. Heard, 491 F.2d 1, 4 (5th Cir. 1974),[1] for instance, permits district courts to apply a set-off where the set-off would not reduce a plaintiff's wages to an amount below the statutory minimum. Not all set-offs are permissible, however. This Court has previously ruled that "amounts loaned by an employer to an employee" "cannot be applied to offset unpaid wages [under the FLSA]." Morrison, 434 F.Supp.2d at 1322 (citing Donovan v.

---

[1] Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) made binding on the Eleventh Circuit all decisions of the Fifth Circuit decided prior to September 30, 1981.

4

Pointon, 717 F.2d 1320, 1323 (10th Cir. 1983)).  See also Hutton v. Grumpie's Pizza & Subs, Inc., Case No. 07-81228-CIV-MIDDLEBROOKS, 2008 WL 1995091, *4 (S.D. Fla. May 7, 2008) (holding that a set-off defense for money employee allegedly stole from employer was inappropriate in FLSA).  The Tenth Affirmative Defense does not state what, if any, compensation Plaintiff received to which he was not otherwise entitled, much less the nature of this compensation.  The Tenth Affirmative Defense is stricken, but Defendant shall have leave to amend same.

The Sixteenth Affirmative Defense states that "[t]he Complaint fails to state a claim against [Defendant] upon which attorneys' fees or costs can be awarded."  The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  The Sixteenth Affirmative Defense is stricken without leave to amend.

Defendant also requests attorneys' fees pursuant to 28 U.S.C. § 1927, which provides for awards of attorney's fees where

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

There is no allegation of such conduct in the Answer.  Accordingly, the request for fees pursuant to 28 U.S.C. § 1927 is stricken, but with leave to amend.  It is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint, filed March 2, 2009 **[DE 11]**, is GRANTED with leave to

5

amend as provided herein.  The Amended Answer and Affirmative Defenses shall be due 10 days from the date of this Order.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 26th day of May, 2009.

<u>S/Kenneth L. Ryskamp</u>
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE